JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 07-M-004-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

SWISS NATIONAL INSURANCE COMPANY a/s/o        ECF CASE
Bystronic Maschinen AG Switzerland and Bystronic, Inc.,
                                              07 Civ. 9423 (LBS)(THK)
                         Plaintiff,
                                              COMPLAINT
        - against -

BLUE ANCHOR LINE, a division of Transpac Container
Systems Ltd., KUEHNE & NAGEL AG and KUEHNE &
NAGEL, INC., trading as BLUE ANCHOR LINE,

                         Defendants.
-----------------------------------------------------------------------x

       Plaintiff, SWISS NATIONAL INSURANCE COMPANY, by its attorneys, Badiak & Will, LLP, alleges on information and belief as follows:

       1. All and singular the following premises are true and constitute a claim rising from the intermodal carriage of goods under a through bill of lading referring to ocean carriage and interstate motor carriage and is governed by federal statutes relating thereto, including but not limited to the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), 49 U.S.C. §14706, et seq. This Court has supplemental jurisdiction over the common law claims and all Defendants pursuant to 28 U.S.C. §1367.

       2. At all times material hereto, plaintiff SWISS NATIONAL INSURANCE COMPANY, (hereinafter "Swiss National"), was and is a corporation organized and existing under

and by virtue of the laws of a foreign state and provided all-risk ocean marine cargo insurance for the subject shipment hereinafter described, and maintained an office and place of business at Steinengraben 5, CH-4003 Basel, Switzerland.

3. Plaintiff, Swiss National, has paid the consignee and owner of the shipment mentioned hereinafter pursuant to the marine cargo insurance policies herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant BLUE ANCHOR LINE, a division of Transpac Container Systems Ltd., having an office and place of business at 24/F & 25/F, CRC Protective Tower, 38 Gloucester Road, Wanchai, Hong Kong, and with an office and place of business c/o Kuehne & Nagel, Inc., 10 Exchange Place, 19th Floor, Jersey City, New Jersey 07302, and at all material times was and now is engaged in business as common carriers, bailees, and/or warehousemen-for-hire, and/or the provision of services related to such activities, and conduct such business with respect to shipments to, from and within the State of New York and the United States as a whole within the meaning of Rule 4(k)(2) of the Federal Rules of Civil Procedure.

5. KUEHNE & NAGEL AG and KUEHNE & NAGEL, INC., trading as BLUE ANCHOR LINE, are corporations or other business entities organized and existing under and by virtue of the law of foreign states and with an office and place of business c/o Kuehne & Nagel,

Inc., 10 Exchange Place, 19th Floor, Jersey City, New Jersey 07302, and at all material times was and now is engaged in business as common carriers, bailees, and/or warehousemen-for-hire, and/or the provision of services related to such activities, and conduct such business with respect to shipments to, from and within the State of New York and the United States as a whole within the meaning of Rule 4(k)(2) of the Federal Rules of Civil Procedure.

6. Defendants BLUE ANCHOR LINE, a division of Transpac Container Systems Ltd., KUEHNE & NAGEL AG and KUEHNE & NAGEL, INC., all of which trade under the name "BLUE ANCHOR LINE", issued the bill of lading referred to hereinafter, and are collectively referred to herein as "Blue Anchor Line."

7. This action involves damage and loss to a shipment of machinery which moved in a carrier provided container numbered TRLU924789-5 by over-the-road carriage from Butzberg, Switzerland to Rotterdam by truck, thereafter from Rotterdam to New York by ocean carriage aboard the M.V. ESSEN EXPRESS, and, thereafter, by road carriage from New York to Elizabethtown, Kentucky, by truck, pursuant to an Express Cargo Bill Combined Transport bill of lading issued by defendants Blue Anchor Line numbered 2111-4264-508.016 dated on or about October 5, 2005.

**FIRST CAUSE OF ACTION**

8. On or about October 5, 2005, at Butzberg, Switzerland, there was shipped by Bystronic Maschinen AG, as shipper, and delivered to defendants Blue Anchor Line as common carriers, a shipment consisting of numerous packages in various containers, including container TRLU 924789-5 containing various packages being part of a machine which weighed 4,278.00

- 3 -

kilograms gross weight, then being in good order and condition, and the defendants Blue Anchor Line then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Rotterdam, by truck, and there load the cargo aboard the vessel M.V. ESSEN EXPRESS for carriage by ocean to New York and, thereafter, to carry the shipment by truck over the road from New York to Elizabethtown, Kentucky, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Bystronic, Inc., c/o AGC Automotive Americas, the consignee, all in accordance with an Express Cargo Bill Combined Transport bill of lading issued by defendants Blue Anchor Line numbered 2111-4264-508.016 dated on or about October 5, 2005.

9. Thereafter the said vessel arrived at New York, where the subject shipment was transferred to a trucker for over-the-road interstate carriage from New York to Elizabethtown, Kentucky, the final destination and the cargo and container were being carriage interstate by a trucker when, on or about October 21, 2005, the cargo and container was involved in an accident and rolled over onto it's right side, as a result of which the cargo inside the aforementioned container was damaged and impaired in value, all in violation of the defendants Blue Anchor Line's obligations and duties as interstate motor common carriers of merchandise for hire.

10. By reason of the premises, plaintiff and those on whose behalf it sues have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $215,917.90.

## SECOND CAUSE OF ACTION

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "10.", inclusive, as if set forth herein at length.

12. With respect to the interstate road carriage of the cargo from New York to Elizabethtown, Kentucky, defendants Blue Anchor Line were at all material times engaged in the business of a motor carrier and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

13. The damage sustained to the shipment in suit was proximately caused in whole or in part by events during interstate road carriage was the shipment was in the actual, constructive, or contractual custody of defendants Blue Anchor Line, and entities acting on their behalf.

14. By reason of the foregoing premises, defendants are liable, without limitation of any kind, as carriers and/or forwarders under the Carmack Amendment, and plaintiff and those on whose behalf it sues have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $215,917.90.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District then all their property within this District be attached in the sum of $215,917.90, with interest thereon and costs, the sum sued for in this complaint;

4. That judgment may be entered in favor of plaintiff and against defendants in the amount of $215,917.90, together with interest at the rate of 9% per annum, and the costs of this action, together with such other and further relief as to this Honorable Court is deemed just and proper.

Dated: New York, New York
      October 22, 2007

                BADIAK & WILL, LLP
                Attorneys for Plaintiff

By: _____
     JAMES  P.  KRAUZLIS  (JK  4972)