UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SWISS NATIONAL INSURANCE COMPANY
a/s/o Bystronic Maschinen AG
Switzerland and Bystronic, Inc.,

                Plaintiff,

-against-

BLUE ANCHOR LINE, a division of Transpac
Container Systems Ltd., KUEHNE & NAGEL,
AG and KUEHNE & NAGEL, INC., trading as
BLUE ANCHOR LINE,

                Defendants.
-------------------------------------------------------------x

Index No. 07 CIV 9423

ANSWER

Defendants, Blue Anchor Line, a division of Transpac Container Systems Ltd., (hereafter BAL), Kuehne & Nagel, AG (hereafter AG) and Kuehne & Nagel, Inc. (hereafter Inc.) answering the complaint herein by their attorney, Ernest H. Gelman, alleges on information and belief as follows: (Reference to plaintiff herein shall include Bystronic Maschinen AG Switzerland and Bystronic, Inc.)

    1.    Each of the defendants deny so much of paragraph 1 of the complaint that the interstate motor carriage is governed by the *Carmack Amendment to the Interstate Commerce Act of 1887* (Carmack) 49 USC §14706 et seq. Defendant AG denies that this Court has jurisdiction over it.

    2.    Each of the defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraphs 2 and 3 of the complaint herein.

3. Each of the defendants admits each and every allegation in paragraph 4 of the complaint, except denies that BAL has an office or a place of business c/o Kuehne & Nagel, Inc., 10 Exchange Place, 19th Floor, Jersey City, NJ 07302 or otherwise in the United States.

4. Defendant AG denies each and every allegation contained in paragraph 5 of the complaint herein, except that AG is a business entity organized and existing under and by virtue of the laws of a foreign state and at times was and now is engaged in the business as a bailee and/or warehouseman-for-hire in Germany and serves as agent solely in arranging for a common carrier(s) to transport shipments to the United States including the State of New York, within the meaning of Rule 4(k) to of the Federal Rules of Civil Procedure.

Defendant, Inc. denies each and every allegation in paragraph 5, including the allegation that it is trading as Blue Anchor Line, except that it admits that it has an office and place of business at Kuehne + Nagle, Inc., 10 Exchange Place, Jersey City, NJ 07302.

5. Each of the defendants deny the allegation contained in paragraph 6, except that defendant, BAL, a division of Transpac Container Systems Ltd. admits that it issued the bill of lading referred to in the complaint.

6. Each of the parties deny knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the complaint, except that BAL issued the

express cargo bill combined transport referred to therein and begs leave to refer to the terms and conditions thereof.

7. BAL admits the allegations in paragraph 8, except refers to the terms and conditions of the bill of lading.

AG denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8, except that it admits, that solely as agent for BAL, it executed the bill of lading referred to therein.

Inc. denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 8 of the complaint herein.

8. Each of the defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the complaint, except admits that defendant BAL had obligations and duties to arrange for an independent interstate motor carrier of merchandise for hire pursuant to the terms of its bill of lading.

9. Each of the defendants deny each and every allegation contained in paragraph 10 of the complaint herein.

10. BAL denies each and every allegation contained in paragraph 12 of the complaint.

Inc. and AG deny knowledge or information sufficient to form a belief as to the allegations in paragraph 12. Each of the defendants to this action begs leave to refer to the bill of lading issued by BAL as to its terms, conditions and legal import.

11. Defendants Ag and Inc. deny the allegations contained paragraph 13 of the complaint, as it pertains to their duty with respect to the shipment.

BAL denies the allegations of paragraph 13 of the complaint, but begs leave to refer to the BAL bill of lading as to its legal responsibilities with respect to the shipment.

12. Each of the defendants deny the provisions of paragraph 14 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Improper forum and choice of law. Pursuant to the Terms and Conditions of the bills of lading issued by Defendant, BAL a division of Transpac Container System Ltd., disputes between the parties arising from shipments are to be determined by the courts and in accordance with the Laws of Hong Kong and no proceedings may be brought before other courts without the consent of this Defendant. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant, BAL, hereby gives notice that it intends to raise issues concerning the laws of a foreign country in this matter.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. Defendant, BAL, acted in the capacity of a non-vessel operating common carrier with respect to the shipment referred to herein and its liability, if any, is therefore limited.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. Lack of In Personam Jurisdiction. There is no basis of personal jurisdiction over BAL, which is a division of a foreign corporation organized under the laws of Hong Kong and lacks any presence in the United States over AG which is a foreign entity organized and existing in Germany and which lacks any presence in the United States.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. Upon information and belief, the shipment was carried from a foreign port to a U.S. port pursuant to a BAL valid combined transport bill of lading contract and is therefore subject to the United States Carriage of Goods by Sea Act, 46 U.S.C. §1300 *et seq.* ("COGSA")

9. Defendant, BAL claims the benefits of all exemptions, exceptions and limitations contained in the aforementioned contract, statute and bill of lading.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. Upon information and belief, the loss or damages referred to in the complaint resulted in whole or in part from the negligence, lack of care or conduct of persons outside of each defendant's control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. That if the goods in suit were damaged and/or lost, which BAL denies knowledge or information sufficient to form a belief on, said damage and/or loss was proximately caused by insufficient packaging or inadequacy of marks, for which BAL is not liable under COGSA and by the terms of its bill of lading.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12.     That if the goods in suit were damaged and/or lost, which BAL denies, said damage and/or loss was proximately caused by an act or omission of the shipper, for which BAL is not liable under COGSA and the terms of its bill of lading.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13.     That if plaintiff's cargo suffered any loss or damage, then said loss or damage resulted from a cause arising without the fault and privity of BAL.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14.     Plaintiff has given improper notice of the alleged loss or damage pursuant to COGSA and this *prima facie* evidence of delivery by the carrier of the goods described in the bill of lading.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15.     This suit is time barred under the agreed provisions of the bill of lading and under the provisions of COGSA.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16.     No course of action is stated against defendant Inc. of AG

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17.     Plaintiff failed to comply with the condition precedent on the bill of lading contract in that no notice of loss or damage as required by the bill of lading was given in writing to Blue Anchor Line or Inc. or AG or their agents at the port of discharge or at the

time of the removal of the goods into the custody of the person or entity entitled to delivery thereof.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18. Pursuant to the terems and conditions of the contract between plaintiff or its affiliate and Inc. no liability is assumed by Inc. for the services of third parties. Moreover, liability, if any, is limited to $50 per transaction.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff failed to serve BAL notice of or opportunity to attend a survey conducted of the goods claimed to have been damaged.

WHEREFORE, defendants each demand judgment dismissing the complaint herein, together with costs and disbursements.

Dated: New York, New York
November 26, 2007

                                          Ernest H. Gelman (EHG 4748)
                                          Attorney for Defendants
                                          350 Fifth Avenue, Suite 4908
                                          New York, NY 10118
                                          Telephone: (212) 332-2345
                                          Fax: (212) 332-8301

TO:   Badiak & Will, LLP
        Attorney for Plaintiffs
        106 Third Street
        Mineola, NY 11501-4404