JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 07-M-004-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

SWISS NATIONAL INSURANCE COMPANY a/s/o
Bystronic Maschinen AG Switzerland and Bystronic, Inc.,

                         Plaintiff,

            - against -

BLUE ANCHOR LINE, a division of Transpac Container
Systems Ltd., KUEHNE & NAGEL AG and KUEHNE &
NAGEL, INC., trading as BLUE ANCHOR LINE,

                         Defendants.
---------------------------------------------------------------------x

**ECF CASE**

**07 Civ. 9423  (LBS)(THK)**

**PLAINTIFF'S TRIAL MEMORANDUM**

      Plaintiff, SWISS NATIONAL INSURANCE COMPANY, by its attorneys, Badiak & Will, LLP, as and for it's Trial Memorandum, respectfully submits as follows:

### STATEMENT OF FACTS

      The parties have submitted a Stipulation of Facts setting forth the relevant facts agreed to between the parties with regards to liability in this matter, and Plaintiff respectfully refers this Honorable Court to the stipulated facts. Plaintiff respectfully submits, there being no issue of fact that the cargo in question was destroyed while being carried in interstate commerce under the defendants' bill of lading, the legal issue before the Court is what statutory scheme is mandatorily applicable to defendants' liability and to what extent, if any, do the terms of the defendants' bill of lading alter or affect the defendants' liability.

Blue Anchor Line ("Blue Anchor") issued a bill of lading covering the intermodal carriage of the subject shipment of machinery from Buetzberg, Switzerland, to Elizabethtown, Kentucky, including the interstate motor carriage of the shipment from New York to Elizabethtown. Defendant Kuehne & Nagel, Inc. ("K&N") was serving at the freight forwarder for Blue Anchor in arranging for the interstate motor carriage of the subject shipment from New York to Kentucky. Defendant Kuehne & Nagel, AG ("K&N, AG") was acting as a non-vessel owning common carrier with respect to the subject shipment in transporting the subject shipments under the bill of lading issued for the subject transportation between Switzerland and Kentucky, including the interstate motor carriage leg. It was during that interstate motor carriage that the shipment was involved in an accident on Interstate 42 East, approximately 8 miles from Warsaw, Kentucky, rendering the shipment a constructive total loss.

At the time of the loss, the shipment was covered by the intermodal bill of lading issued by Blue Anchor Line, which, under clause IV. entitled "Liability", subparagraph (B) entitled "Combined Transport", it provides, as section "II",

> Notwithstanding anything provided for in other clauses of these Conditions, if it can be proved where the loss or damage occurred, the Carrier and the Merchant shall, as to the liability of the Carrier be entitled to require such liability be determined by the provisions contained in any International Convention or National Law, which provisions
> I) cannot be departed from by private contract to the detriment of the claimant; and
> II) would have applied if the Merchant had made a separate and direct contract with the Carrier in respect of the particular stage of transport where the loss or damage occurred and received as evidence thereof any particular document which must be issued if such International Convention or National Law shall apply.

The Parties have reserved the issues as to damages under the Stipulation of Facts, the only matters currently before the Court relate to the legal issues of defendants' liability for the subject loss.

## LEGAL ISSUES PRESENTED

Plaintiff respectfully submits that the legal issues presented to the Court for determination are:

1) Is there a mandatorily applicable national statutory scheme which governs defendants' liability for the subject loss;

2) Is plaintiff's lawsuit timely under the mandatorily applicable statutory scheme; and

3) Are the defendants liable to plaintiff for the damages sustained to the subject shipment during the interstate motor carriage?

## POINT I:

## DEFENDANTS' LIABILITY IS GOVERNED BY THE CARMACK AMENDMENT

In as much as the parties have stipulated that the loss or damage to the subject shipment occurred during the interstate motor carriage of the goods between New York and Kentucky, by operation of bill of lading clause IV, entitled "Liability", and subparagraph (B), entitled "Combined Transport", the contract of carriage is subject to the Carmack Amendment, 49 U.S.C. § 14706, which is the "National Law" mandatorily applicable to interstate motor carriage in the United States.

The Carmack Amendment is compulsorily applicable to interstate motor carriage of goods, which applies to the entire portion of the shipment which takes place in the United States.

Project Hope v. M/V IBN SINA, et al., 250 F.3d 67 (2nd Cir. 2001). Defendants Blue Anchor and K&N AG were carriers under the intermodal bill of lading issued, including the interstate motor carriage from New York to Kentucky (Stipulated Facts "4.", "5.", "7.", "8." and "9."). Defendant K&N was acting as the freight forwarder in arranging for the interstate motor carriage (Stipulated Fact "6."). A bill of lading was issued by Blue Anchor covering the entire carriage, including the interstate motor carriage from New York to Kentucky (Stipulated Facts "9." and "10.").

The Carmack Amendment provides both a receiving carrier and a delivering carrier providing transportation by interstate motor carriage is liable to the person entitled to recovery under the bill of lading. 49 U.S.C. § 14706 (a)(1). It also provides that a Freight Forwarder is liable both as a receiving carrier and as a delivering carrier. 49 U.S.C. § 14706 (a)(2). Accordingly, defendants Blue Anchor, K&N AG (both acting as receiving and delivering carriers) and K&N (as the freight forwarder) are all liable as interstate motor carriers under the Carmack Amendment.

In fact, the Carmack Amendment governs the liability of the defendant carriers under the intermodal bill of lading not only by operation of the aforementioned bill of lading provision but also by operation of law, in accordance with the fairly recent decision of Sompo Japan Insurance Company of America v. Union Pacific Railroad Company, 456 F.3d 54 (2nd Cir. 2006). Although Sompo dealt specifically with an interstate rail carrier, the principles espoused by the 2nd Circuit Court of Appeals dealt with the application of the Carmack Amendment (which has specific provisions governing interstate rail carriage, 49 U.S.C. § 11706, as well as interstate motor carriage, 49 U.S.C. § 14706) are equally applicable to the instant matter. A reading of the Sompo decision discloses the reliance on both rail and motor interstate carriage as the basis for the court's decision.

In rejecting the requirement that a separate bill of lading need be issued for Carmack to apply to the inland portion of an intermodal carriage, as was espoused by the 11th Circuit in <u>Swift Textiles, Inc., v. Watkins Motor Lines, Inc.</u>, 799 F.2d 697 (11th Cir. 2000) (involving damage to textiles which occurred during the inland interstate motor carriage of the shipment under a separate inland motor carriage bill of lading), the <u>Sompo</u> court nonetheless agreed with <u>Swift</u>'s analysis in determining whether Carmack applied to the inland interstate motor carriage portion of a foreign shipment. <u>Sompo</u>, 456 F.3d at 63. The <u>Sompo</u> court concluded that Carmack applies to the domestic inland portion of a foreign shipment regardless of the shipment's point of origin. *Id.* The court also held the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300, et seq., applies as a matter of law only to the ocean portion of the intermodal shipment, and did not apply by its own force, or *ex proprio vigore*, to the inland domestic leg of the carriage, 456 F.3d at 69, the Carmack Amendment was applicable to the domestic inland portion of the international shipment as a matter of law, even where the bill of lading extended COSGA provisions by contract to the inland portion of the carriage. 456 F.3d at 75.

      Accordingly, it is respectfully submitted the defendants' liability for the damages which occurred during the domestic inland portion of the carriage, during the interstate motor carriage, are governed by the Carmack Amendment, and any bill of lading provisions to the contrary are unenforceable.

## POINT II:

## SUIT WAS FILED IN A TIMELY MANNER UNDER CARMACK

The Carmack Amendment provides a carrier many not provide by rule, contract or otherwise, a period of less than 9 months for filing a claim against it and a period of less than 2 years for bringing a civil action against it. 49 U.S.C. § 14706 (e)(1). It further provides the period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice. Id. The loss having occurred on October 21, 2005, a written notice of claim was sent by Bystronic, the plaintiff's assured, to defendants on October 22, 2005. The instant litigation having been filed on October 22, 2007, the instant action was clearly filed in a timely manner.

## POINT III:

## DEFENDANTS ARE LIABLE TO PLAINTIFF UNDER CARMACK

The Carmack Amendment provides that an interstate motor carrier is liable to the person entitled to recover under the bill of lading, and the liability imposed is the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported. 49 U.S.C. § 14706 (a)(1). It further provides that a Freight Forwarder is both the receiving and the delivering carrier. 49 U.S.C. § 14706 (a)(2).

In this instance, defendants are either the receiving carrier (Blue Anchor and K&N AG) or the forwarder (K&N), and are therefore liable to the "person entitled to recover under the bill of lading", which in this case is the plaintiff's assured, Bystronic. (Stipulated Fact "9.")

Plaintiff, being the subrogated underwriter of both the shipper and consignee, is entitled to maintain this action, standing in the shoes of it's assured, Bystronic. (Stipulated Fact "21.")

Carmack imposes something close to strict liability upon originating and delivering carriers. Rankin v. Allstate Ins. Co., 336 F.3d 8,9 (1st Cir. 2003); Sompo, 456 F.3d 54, 59 (2nd Cir. 2006). Once the cargo owner establishes a prima facie case of Carmack liability by showing "delivery in good condition, arrival in damaged condition, and the amount of damages, Missouri R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 138 (1964), see also, 49 U.S.C. § 14706 (a)(1), the carrier is liable "for the actual loss or injury to the property" it transports, 49 U.S.C. § 14706 (a)(1). Sompo, 456 F.3d at 59.

The parties have stipulated that the shipment was tendered to defendants in good order and condition (Stipulated Fact "9") and delivered in a damaged condition (Stipulated Facts "15" and "19"). Accordingly, the defendants are liable to plaintiff "for the actual loss or injury to the property."

## CONCLUSION

Accordingly, Plaintiff SWISS NATIONAL INSURANCE COMPANY a/s/o Bystronic Maschinen AG Switzerland and Bystronic, Inc., respectfully submits Defendants, BLUE ANCHOR LINE, a division of Transpac Container Systems Ltd., KUEHNE & NAGEL AG and KUEHNE & NAGEL, INC., are liable as Carmack carriers for the damages sustained to the subject shipment for the "actual loss and injury to the property."

Dated: New York, New York
       April 14, 2008

                                    Respectfully submitted,

                                    BADIAK & WILL, LLP
                                    Attorneys for Plaintiff

                                    By: _____
                                          James P. Krauzlis, Esq. (JK-4972)

TO:
      ERNEST H. GELMAN
      Attorney for Defendants
      350 Fifth Avenue, Suite 4908
      New York, New York 10118

Index No.: 07 Civ. 9423 (LBS)(THK)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         )SS.:
COUNTY OF NASSAU         )

**I, Luz M. Webb,** being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On April 14, 2008 I served the within PLAINTIFF'S TRIAL MEMORANDUM on:

> ERNEST H. GELMAN
> Attorney for Defendants
> 350 Fifth Avenue, Suite 4908
> New York, New York 10118

By depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of Federal Express within New York State.

_____
LUZ M. WEBB

Sworn to before me this
14th Day of April, 2008

_____
NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 6,
1/16/2010

- 9 -