UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SWISS NATIONAL INSURANCE COMPANY          Index No. 07 CIV 9423
a/s/o Bystronic Maschinen AG
Switzerland and Bystronic, Inc.,
                         Plaintiff,

        -against-

BLUE ANCHOR LINE, a division of Transpac
Container Systems Ltd., KUEHNE & NAGEL,
AG and KUEHNE & NAGEL, INC., trading as
BLUE ANCHOR LINE,

                         Defendants.
------------------------------------------------------------x

## DEFENDANTS' REPLY TRIAL MEMORANDUM OF LAW

The one disputed issue of liability in this case is whether COGSA or the *Carmack Amendment* controls. The combined transport bill of lading extended COGSA's terms and conditions, as contractual provisions, through and including the inland transport. Plaintiff asserts that the *Carmack Amendment* overrides COGSA as a "national law," both by a non-specific reference to national law in the Blue Anchor Line bill of lading and by operation of law.

### POINT I

### THE SOMPO CASE IS NOT APPLICABLE TO THIS MATTER

Plaintiff's position that *Carmack* trumps COGSA was repeatedly rejected prior to the *Sompo Japan Insurance Company of America v. Union Pacific Railroad Company*, 456 F.3d 54 (2nd Cir. 2006). The following are representative cases on point:

*Swift Textiles, Inc. v. Watkins Motor Lines, Inc.*, 799 F. 2d 697 (11th Cir. 1986), cert denied, 480 U.S. 935, 94 L. Ed. 2d 768, 107 S. Ct. 1577 (1987); *Capitol Converting*

*Equip. Inc. v. Lep Transport*, 965 F. 2f 391 (7th Cir. 1992); *Altadis USA, Inc. v. Sea Star Line* , 458 F. 3d 1288; 2006 U.S. App. LEXIS 20125; cert granted 127 S. Ct. 853, 166L. Ed. 2d 682, 2007 LEXIS 17 (U.S. 2007); cert dismissed 127 S. Ct. 1209, 166 L. Ed. 2d 1012, 2007 U.S. 1328 (U. S. 2007); *Insurance Co of N. America v. S/S "Transworld Bridge"*, 1994 U.S. Dist LEXIS 2597, No. 92 Civ. 7375 (SDNY March 7, 1994); *Allianz CP Insurance Company v. Blue Anchor Line et al* . 2004 U.S. Dist. LEXIS 8175; 2004 AMC 1266 (SDNY 2004); *Alpina Insurance Company, Ltd Zurich v. Trans American Trucking Service, Inc.* 2004 U.S. Dist. LEXIS 14264 (SDNY 2004). So far legal research has not found a single case that endorses *Sompo's* finding or rationale, especially for the proposition that *Carmack* prevails over COGSA pursuant to a combined transport ocean bill of lading as to damages inland.

Despite extensive criticism of the holding in the *Sompo* case for the reasons set forth below, this Court need not take issue with its holding in order to find for defendants in this matter. The *Sompo* case depended on the fact that the inland transport was by railroad, not unrelated forms of carriage or storage.

In the case of *Rexroth Hydraudyne B.V. v. Ocean World Lines Inc.*, 2007 U.S. Dist. LEXIS 14356; 2007 AMC 791 (SDNY 2007), Judge Kaplan stated that the *Sompo* case "…addresses the impact of the Carmack Amendment, which applies only to certain rail carriers, to the liability of a rail carrier. But the issue of rail carrier liability is not presented here. The issue in this case is whether an NVOCC or other non-rail carriers are entitled to the benefit of the COGSA package limitation under the parties' contracts. Nothing in Sompo Japan sheds any light on that question. Indeed, apart from its

mistaken reliance on the Carmack Amendment, plaintiff suggests no convincing why it should not…."

In effect, Judge Kaplan calls the *Sompo* case a railroad case.

The essential railroad factor in *Sompo* is evidenced by that court's repeated references to the importance of the *Staggers Rail Act of 1980,* 94 STAT 1895, Pub. L No. 96-448, 49 U.S.C. §11706. In finding against the railroad, the court stressed the importance of the *Staggers Rail Act* to its holding. For instance on pages 23-25, the court expressly discusses the interplay between *Staggers* and *Carmack*. As for the *Carmack Amendment* itself, 49 U.S.C. 11706 is entitled "*Liability of Rail Carriers Under Receipts and Bills of Lading*". This statute's purpose was to make initial and delivering carriers responsible, so that the holder of a bill of lading would not have to search out for the negligent rail carrier among connecting rail carriers transporting the goods in interstate commerce. If an exempt rail carrier fails to offer the shipper the option of coverage for the damage to the property, the shipper may sue the railroad under *Carmack*. *Sompo* held that the railroad failed to comply with the requirements of both the *Carmack Amendment* and the *Staggers Rail Act*. For that reason, the court found COGSA's contactural terms were overidden by the statute. It is speculative to assume that the court would have held as it did without considering the *Staggers Rail Act*. Thus, it is respectfully submitted that *Sompo* is a railroad liability case, not relevant here.

## POINT II

## THE KIRBY CASE APPLIES
## MAKING COGSA THE GOVERNING STATUTE

The *Sompo* court was compelled to distinguish its case from the Supreme Court's decision in *Norfolk Southern Railway Co. v. Kirby,* 543 U.S. 14, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004). Rarely does the United States Supreme Court decide cases concerning cargo transport. However the *Kirby* court found that a through bill of lading requiring substantial carriage of goods by sea, is a maritime contract, even if it provides for some land carriage. The instant case also involved a transatlantic sea voyage followed by trucking the cargo from the U.S. port to an inland consignee. The Circuit Court in *Sompo* disregards the applicability of the *Kirby* case, despite its express intention that an international bill of lading promoted "the uniformity of general maritime law". Plaintiff herein would extend the *Sompo* decision court to a point that the Kirby case would have little or no relevance. *Sompo* suggests that the Supreme Court's holding in Kirby does not apply because it did not address the issue of *Carmack's* applicability. Reportedly, the Supreme Court declined the opportunity to request that the parties brief the issue. Failure to refer *Carmack*, is not a reason to believe that the Supreme Court was ignorant or neglectful.

The *Sompo* court also ignores *Reider v. Thompson*, 339 U.S. 113, 70 S.Ct. 499 94 L.Ed. 698 (1950). That case held that a separate bill of lading for the domestic leg of an international shipment has to be issued for the *Carmack Amendment* to apply. Thus, the effect of *Sompo's* rejection of prior Supreme Court cases is to effectively forbid sophisticated parties from contracting to limit liability to an entire journey. This

aberration and its affect on commerce is analyzed in 31 *Tul Mar L.J.* 639 (2007). Its author expresses grave concerns if *Sompo's* holding is extended beyond railroad cases.

Plaintiff is mistaken in relying on the case of Project Hope v. M/V IBN SINA cited on p. 3-4 of its Reply Brief. The Circuit Court there, based on stipulated facts, said that the dispute was between the NVOCC (Blue Ocean Lines, not related to Blue Anchor Line) and the inland trucker. Thus, the court said that the issue was not maritime in nature, so that the terms of the bill of lading's reference to COGSA were beyond the court's reach and not relevant to the determination.

WHEREFORE, it is respectfully requested that plaintiff's cause of action be dismissed, having been brought untimely, or alternatively, limitation of liability to $500 per package pursuant to COGSA, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 24, 2008

                                       Ernest H. Gelman (EHG 4748)
                                       Attorney for Defendants
                                       350 Fifth Avenue, Suite 4908
                                       New York, NY 10118
                                       Telephone: (212) 332-2345

To: James P. Krauzlis, Esq.
      Badiak & Will, LLP
      106 3rd Street
      Mineola, New York 11501