JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 07-M-004-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SWISS NATIONAL INSURANCE COMPANY a/s/o
Bystronic Maschinen AG Switzerland and Bystronic, Inc.,

          Plaintiff,

- against -

BLUE ANCHOR LINE, a division of Transpac Container
Systems Ltd., KUEHNE & NAGEL AG and KUEHNE &
NAGEL, INC., trading as BLUE ANCHOR LINE,

          Defendants.
------------------------------------------------------------------x

ECF CASE

07 Civ. 9423 (LBS)(THK)

**PLAINTIFF'S REPLY MEMORANDUM**

        Plaintiff, SWISS NATIONAL INSURANCE COMPANY, by its attorneys, Badiak & Will, LLP, as and for it's Reply Trial Memorandum, respectfully submits as follows:

### POINT I:

### DEFENDANTS' LIABILITY IS GOVERNED BY THE CARMACK AMENDMENT

        The Trial Memorandum submitted by Defendants essentially agrees with Plaintiff's position that the central legal issue presented is whether COGSA or the Carmack Amendment applies to the underlying carriage which is the subject of the instant suit. Defendants, naturally, contend COGSA applies, and then invoke the COGSA provisions to assert the one-year suit time provision of COGSA so as to argue Plaintiff's action is time-barred. If the Carmack Amendment is compulsorily applicable, as Plaintiff contends, then the provisions of Carmack dictate a carrier

many not provide by rule, contract or otherwise, a period of less than 9 months for filing a claim against it and a period of less than 2 years for bringing a civil action against it. 49 U.S.C. § 14706 (e)(1). It further provides the period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice. Id. The loss having occurred on October 21, 2005, a written notice of claim was sent by Bystronic, the plaintiff's assured, to defendants on October 22, 2005. The instant litigation having been filed on October 22, 2007, the action was clearly filed in a timely manner under Carmack.

In making the argument that COGSA, and not Carmack, applies to this dispute, Defendants primarily rely upon older cases, predating Sompo Japan Ins. Co. of America v. Union Pacific, 456 F.3d 54 (2nd Cir. 2006), which is controlling in this case, as support for allowing the parties to extend COGSA *ex contractue* to the post discharge period of carriage, when the goods were being carried interstate by a motor carrier and during which the shipment was destroyed when the truck was involved in an allision with a bridge. The two cases cited by Defendants which were rendered after the Second Circuit decision in Sompo are both factually and legally inapplicable as binding precedent and do not warrant a different result than that mandated by Sompo.

The primary decision upon which Defendants rely in their legal analysis is Rexroth Hydraudyne B.V. v. Ocean World Lines, 2007 U.S. Dist. LEXIS 14356, 2007 A.M.C. 791 (S.D.N.Y 2007). It would appear Judge Laplan, in rendering that decision, was not convinced that Carmack applies beyond rail carriers and, therefore, did not feel compelled to follow the dictates of the Court of Appeals in Sompo. While the court in Sompo was admittedly dealing with interstate carriage by rail, the court did go to great lengths in its decision to thoroughly analyze the application

of Carmack versus COGSA and in many instances cited to Carmack decisions involving interstate motor carriage of cargo, such as in the instant case. Plaintiff respectfully disagrees with the narrow interpretation of the Rexroth court in concluding that Sompo is limited to rail carriage under Carmack. The Second Circuit decision states the legal controversy as involving the application of COGSA versus "the Interstate Commerce Act of 1887", commonly referred to as the Carmack Amendment, which, as the Second Circuit decision recognizes, covers not just interstate rail carriage but interstate motor carriage as well. The narrow distinction drawn by the Rexroth court in concluding Sompo applies only to interstate rail carriage is unreasonably and unjustifiably fine, given the broad nature of the Sompo discussion of the two competing statutory schemes.

As discussed in Plaintiff's Trial Memorandum, a reading of the Sompo decision discloses reliance on and consideration of both rail and motor interstate carriage as the basis for the court's decision. The reason is simple; the statutory scheme referred to as the Carmack Amendment was enacted not just for interstate rail carriage but also interstate motor carriage, and extends the same Congressional policies to both modes of interstate carriage. Quite frankly, there is no justification to view Sompo so strictly and exclusively so as to apply only to interstate rail carriage as there is nothing unique in the Congressional policies applicable only to interstate rail carriage to justify such a narrow legal analysis. A comparison of both statutes, 49 U.S.C. §11706 (Carmack Amendment as to Interstate Rail Carriers) and 49 U.S.C. §14706 (Carmack Amendment as to Interstate Motor Carriers) reveals that both sections are essentially identical in both language and composition. Both require the issuance of a bill of lading by the carrier, both make the carrier liable to the person "entitled to recovery" for the "actual loss or injury to the property", both hold the

receiving carrier, delivering carrier and another carrier "over whose line or route the property is transported" liable to the cargo claimant. In addition, both state the carrier is liable notwithstanding a failure to issue a bill of lading. Perhaps more importantly, both also provide, in almost identical language, a "carrier may not provide by rule, contract, or otherwise a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section." Interestingly, it appears defendants do not recognize that there are two specific provisions under Title 49 which comprise the Carmack Amendment, one dealing with interstate rail carriage, the other with interstate motor carriage. The Carmack Amendment covers not only interstate rail carriage, as Defendants seem to imply, but also interstate motor carriage.

It is respectfully submitted that <u>Sompo</u> applies with equal force, effect and sound legal reasoning to both interstate rail and interstate motor carriage within the Carmack Amendment jurisdiction. Both provisions being essentially identical, and the policy reasons behind each having a common and identical purpose, they should be applied in identical fashion, whether the interstate carriage be by rail or by motor carrier. The <u>Sompo</u> court specifically commented that, despite the structural re-arrangement of Carmack by Congress, the substantive law remained unchanged. 456 F. 3d at 68.

In reaching the conclusion that Carmack applied to the inland portion of a foreign shipment, the Sompo court made reference to the 11th Circuit's analysis in <u>Swift Textiles, Inc., v. Watkins Motor Lines, Inc.</u>, 799 F.2d 697 (11th Cir. 2000), which involved damage to imported textiles covered under an intermodal bill of lading which occurred during the inland interstate **motor**

carriage of the shipment. The Sompo court agreed with Swift's analysis in determining whether Carmack applied to the inland interstate motor carriage portion of a foreign shipment in concluding the same is true as to interstate rail carriage, although it totally disagreed with the additional requirement espoused in Swift that Carmack applied as a matter of law only if the inland carriage was covered by a separate bill of lading covering the inland portion of the shipment. Sompo, 456 F.3d at 63. The Sompo court concluded that Carmack applies to the domestic inland portion of a foreign shipment regardless of the shipment's point of origin. *Id.* More importantly, the court held the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300, et seq., applies as a matter of law **only** to the ocean portion of the intermodal shipment, and did not apply by its own force, or *ex proprio vigore*, to the inland domestic leg of the carriage, 456 F.3d at 69, and further held the Carmack Amendment was applicable to the domestic inland portion of the international shipment as a matter of law, even where the bill of lading extended COSGA provisions by contract to the inland portion of the carriage. 456 F.3d at 75.

  Defendants also contend where the domestic portion of an international shipment is not by a rail carrier, COGSA, and not the Carmack Amendment, will apply, citing Alpina Inc. Co. v. Trans Am. Trucking Service, Inc., 2004 U.S. Dist. LEXIS 14264 (S.D.N.Y 2004). Reliance on Alpina is suspect, given the subsequent decision by the Second Circuit Court of Appeals in Sompo, which effectively reverses the Alpina decision. Alpina's analysis rests upon the requirement of a separate bill of lading be issued for the inland domestic leg of the international journey for Carmack to apply, which is soundly rejected in the Sompo decision. The decision of Allianz CP Gen. Ins. Co. v. Blue Anchor Line, 2004 U.S. Dist. LEXIS 8175 (S.D.N.Y. 2004), is equally not controlling, for

the same reasons, being decided before Sompo which effectively overruled the separate inland bill of lading requirement upon which both Allianz and Alpina are premised. Reliance upon the Eleventh Circuit decision of Altadis U.S.A., Inc. v. Sea Star Line, LLC, 458 F.3d 1288 (11th Circuit 2006), is equally misplaced, as Sompo controls in this Circuit (despite so-called criticism cited by Defendants) and is squarely at odds with Altadis as to the separate inland bill of lading requirement.

Accordingly, it is respectfully submitted that defendants' liability for the damages which occurred during the domestic inland portion of the carriage, during the interstate motor carriage, are governed by the Carmack Amendment as a matter of law.

## POINT II

### ANY CONTRACT CLAUSE CONTRARY TO CARMACK IS UNENFORCEABLE

Furthermore, in as much as Carmack applies as a matter of law, any bill of lading clause which attempts to modify the provisions of Carmack, such the prohibition of any clause or provision attempting to impose a suit time period of less than two years from date of declination of the claim, is unenforceable, including any such provision attempting to extend such contractual rights to servants, agents, etc., such as defendants K&N AG and K&N. 49 U.S.C. §14706(e)(1). Defendant's reliance upon Paragraph 17(C) in this respect is, therefore, without legal support and violates the provisions of Carmack.

## POINT III:

## SUIT WAS FILED IN A TIMELY MANNER UNDER CARMACK

In as much as the Carmack Amendment, and not COGSA, applies to this dispute, the COGSA one year time limit for filing suit does not apply. Carmack specifically provides "a carrier many not provide by rule, contract or otherwise, a period of less than 9 months for filing a claim against it ... and a period of less than 2 years for bringing a civil action against it..." 49 U.S.C. § 14706 (e)(1). It further provides the period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice. Id. The bill of lading clauses that attempt to set a shorter time period are therefore unenforceable. The loss having occurred on October 21, 2005, a written notice of claim was sent by Bystronic, the plaintiff's assured, to defendants on October 22, 2005. The instant litigation having been filed on October 22, 2007, the instant action was clearly filed in a timely manner..

## POINT IV:

## DEFENDANTS ARE LIABLE FOR PLAINTIFF'S ACTUAL LOSS

As Defendants admit under Point I B. of their Memorandum, Defendants liability under the Carmack Amendment is for the actual loss or injury to the property. 49 U.S.C. §14706(a). This liability rests with defendants either as the receiving carrier (Blue Anchor and K&N AG) or the forwarder (K&N). 49 U.S.C. §14706 (a)(1) &(2).

The parties having stipulated that the shipment was tendered to defendants in good order and condition (Stipulated Fact "9") and delivered in a damaged condition (Stipulated Facts "15" and "19"), the defendants are liable to plaintiff "for the actual loss or injury to the property."

## CONCLUSION

Accordingly, Plaintiff SWISS NATIONAL INSURANCE COMPANY a/s/o Bystronic Maschinen AG Switzerland and Bystronic, Inc., respectfully submits Defendants, BLUE ANCHOR LINE, a division of Transpac Container Systems Ltd., KUEHNE & NAGEL AG and KUEHNE & NAGEL, INC., are liable as Carmack carriers for the damages sustained to the subject shipment for the "actual loss and injury to the property."

Dated: New York, New York
April 24, 2008

Respectfully submitted,

BADIAK & WILL, LLP
Attorneys for Plaintiff

By: _____
James P. Krauzlis, Esq. (JK-4972)

TO:
ERNEST H. GELMAN
Attorney for Defendants
350 Fifth Avenue, Suite 4908
New York, New York 10118